Order filed December 8, 2005












 
 
  
 
 







 
 
  
 
 




Order filed December 8, 2005

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00030-CR 

                                                     __________

 

                          WILLIAM
JEFFERY WIGINGTON, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                        On
Appeal from the 142nd District Court

                                                        Midland
County, Texas

                                                 Trial
Court Cause No. CR28876

 



 

                                                                     O
R D E R

 

Our former opinion and judgment dated September
15, 2005, are withdrawn, and our opinion and judgment dated December 8, 2005,
are substituted therefor.

 

JIM R. WRIGHT

CHIEF JUSTICE

December 8, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel consists of: Wright, C.J., and McCall, J.

W. G. Arnot, III, retired effective July 31, 2005, and is,
therefore, not participating.











 
 
  
 
 







 
 
  
 
 




Opinion filed
December 8, 2005

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

                                                          No. 11-04-00030-CR 

                                                    __________

                          WILLIAM JEFFERY WIGINGTON, Appellant

                                                             V.

                                        STATE
OF TEXAS, Appellee

 



 

                                        On
Appeal from the 142nd District Court

                                                        Midland
County, Texas

                                                 Trial
Court Cause No. CR28876

 



 

     O P I N I O N   O N  
P E T I T I O N   F O R   D I S C R E T I O N A R Y   R E V I E W

 

The trial court convicted William Jeffery
Wigington, upon his plea of guilty, of felony driving while intoxicated and
assessed his punishment at confinement for 10 years and a $1,000 fine. Pursuant
to the plea bargain agreement, the imposition of the confinement portion of the
sentence was suspended, and appellant was placed on community supervision for 5
years.  We affirm.








In three issues, appellant challenges the trial
court=s denial
of his motion to suppress.  In his motion
to suppress, appellant contended that he was arrested without a lawful warrant,
without probable cause, and without any lawful authority.  At the suppression hearing and on appeal,
appellant specifically argues that the arresting officer exceeded his authority
under the community caretaking doctrine. 
Appellant relies on the cases of Cady v. Dombrowski, 413 U.S.
433, 441 (1973); Corbin v. State, 85 S.W.3d 272 (Tex.Cr.App.2002); Wright
v. State, 7 S.W.3d 148 (Tex.Cr.App.1999); and Andrews v. State, 79
S.W.3d 649 (Tex.App. - Waco 2002, pet=n
ref=d), to support his position. We
disagree with appellant=s
contentions that the arrest in this case comes under the purview of the
community caretaking doctrine and find that the cases relied upon by appellant
are factually distinguishable.

In reviewing a trial court=s
ruling on a motion to suppress, an appellate court must uphold the trial court=s ruling if it is reasonably supported
by the record and is correct under any applicable theory of law.  State v. Steelman, 93 S.W.3d 102, 107
(Tex.Cr.App.2002); Romero v. State, 800 S.W.2d 539, 543-44
(Tex.Cr.App.1990).  Appellate courts must
give great deference to the trial court=s
findings of historical facts as long as the record supports the findings.  Guzman v. State, 955 S.W.2d 85
(Tex.Cr.App.1997).  Because the trial
court is the exclusive fact-finder, the appellate court reviews evidence
adduced at the suppression hearing in the light most favorable to the trial
court=s
ruling.  Carmouche v. State, 10
S.W.3d 323, 327 (Tex.Cr.App.2000).  We
also give deference to the trial court=s
rulings on mixed questions of law and of fact when those rulings turn on an
evaluation of credibility and demeanor.  Guzman
v. State, supra.  Where such
rulings do not turn on an evaluation of credibility and demeanor, we review the
trial court=s actions
de novo.  Guzman v. State, supra;
Davila v. State, 4 S.W.3d 844, 847-48 (Tex.App. - Eastland 1999, no pet=n).








At the suppression hearing, the State offered the
videotape of the incident and the offense report.  No witnesses testified.  While the offense report states that the
incident occurred at 11:59 a.m., the videotape clearly reflects that the
incident occurred at night.  Both the
offense report and the videotape reflect that appellant=s
vehicle was parked on the shoulder of the highway.  Department of Public Safety Trooper Phillip
Breeding stated in his offense report 
that, as he drove by appellant=s
vehicle, he saw that the driver=s
side door was open and that the male passenger was leaning over talking to
appellant who was the driver.  Trooper
Breeding stated that he turned his patrol car around and pulled up behind
appellant=s vehicle
to see if appellant was having car trouble. 
Trooper Breeding further stated that, as he approached appellant=s vehicle, the vehicle moved forward
and then came to Aa sudden
stop.@  Trooper Breeding approached the driver=s side of the car and asked appellant
and his passenger if they were alright. 
The men answered that they had a low tire.  Trooper Breeding could smell a strong odor of
alcohol coming from the car.  Trooper
Breeding asked appellant if he had been drinking, and appellant answered that
both of them had been drinking.

The videotape begins as Trooper Breeding pulled up
behind appellant=s car
which was parked on the shoulder. 
Trooper Breeding exited his patrol car and approached appellant=s car. 
Appellant=s car
moved forward and then abruptly stopped. 
Trooper Breeding tapped on the trunk of the car and spoke to
appellant.  Trooper Breeding then
approached the driver=s
side of the car and asked if everything was alright.  Appellant answered that they had a low
tire.  When Trooper Breeding asked
appellant if he had been drinking, appellant answered that both he and his
passenger had.

In Cady v. Dombrowski, supra, the defendant=s vehicle was disabled as the result of
an accident.  His vehicle was towed and
then later searched.  In Corbin v.
State, supra, Wright v. State, supra, and Andrews v. State, supra,
a law enforcement officer stopped the defendant=s
moving vehicle.  In the present case,
appellant=s vehicle
was neither towed and searched nor stopped by Trooper Breeding.

The court in Corbin stated:

To begin, it is well settled that not all
encounters with the police implicate the Fourth Amendment=s protection against unreasonable
seizures.  Florida v. Bostick, 501
U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991);  Hunter v. State, 955 S.W.2d 102, 104
(Tex.Crim.App.1997).  ASo long as a reasonable person would
feel free to disregard the [officer] and go about his business,@ a police officer may approach and ask
an individual questions, including whether that individual requires assistance,
without implicating the Fourth Amendment. 
Bostick, 501 U.S. at 434, 111 S.Ct. 2382;  Hunter, 955 S.W.2d at 104.  (Footnote omitted)

 

Corbin v. State, supra at 276.








The record reflects that appellant=s initial encounter with Trooper
Breeding was not unreasonable and did not violate any federal or state
constitutional or statutory protections. 
When Trooper Breeding smelled a strong odor of alcohol and appellant
told him that they had been drinking, Trooper Breeding had reasonable suspicion
to detain and investigate.  Terry v.
Ohio, 392 U.S. 1 (1968).  Upon
investigation, Trooper Breeding concluded that appellant was intoxicated and
had probable cause to place him under arrest without a warrant.  TEX. CODE CRIM. PRO. ANN. art. 14.01 (Vernon
2005).

We find that the trial court did not err in
denying the motion to suppress.  Contrary
to appellant=s
contentions in his fourth issue, this court must uphold the trial court=s ruling if it is correct under any
applicable theory of law.   State v.
Steelman, supra; Romero v. State, supra.

All of appellant=s
issues have been considered.  Each is
overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

December 8, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel consists of:  Wright,
C.J., and McCall, J.

W. G. Arnot, III, retired effective July 31, 2005, and is,
therefore, not participating.